A89A0910. WHITTLESEY v. THE STATE.
(385 SE2d 757)

POPE, Judge.
Whittlesey was charged with aggravated assault and possession of a firearm by a convicted felon arising out of events on December 5, 1986, and he also was charged with aggravated assault, burglary, and kidnapping arising out of events on December 19, 1986. After a jury trial, Whittlesey was convicted of the December 5 aggravated assault and firearms possession charges and of the burglary charge stemming from the December 19 events. He was acquitted of the aggravated assault and kidnapping charges related to the events of December 19. Whittlesey appeals and argues the general grounds. *Held*:

The victim testified that she and Whittlesey were formerly intimate companions, but on December 5, 1986, they were estranged. However, she and Whittlesey were riding to the store that day when Whittlesey turned to her and said "You don't believe I'd shoot you, do you?" When the victim replied "No," Whittlesey shot her in the leg. The victim, her mother and a neighbor testified that, on December 19, 1986, Whittlesey broke through a glass door at the victim's mother's house and fired two shots at the victim and then dragged her out to his car and drove off. Three days later, the victim hailed a police officer in Atlanta and told him she had been kidnapped in Columbus.

"It is the function of the jury to determine the credibility of witnesses and to weigh and resolve any conflicts in the testimony. This court must view the evidence in a light most favorable to the jury's verdict." *Harris v. State*, 190 Ga. App. 516, 517 (379 SE2d 600) (1989). (Punctuation and citations omitted.) Though there is conflict, there is sufficient evidence to support the jury's verdict.

Whittlesey argues particularly that his conviction of burglary cannot stand because it was predicated upon unauthorized entry with intent to commit a felony and the jury acquitted him of the two underlying felonies, aggravated assault and kidnapping. "To complete the crime of burglary, it is not necessary that a defendant actually commit a theft or a felony; it is sufficient if he enters without authority and with the intent to commit a theft or a felony." *Childs v. State*, 257 Ga. 243, 251 (357 SE2d 48) (1987). (Citation and punctuation omitted.) The evidence showed that Whittlesey parked his car in a wooded area three blocks from the house and cut the telephone lines before bursting through a glass door at the home and dragging the victim off at gunpoint. Though the jury apparently believed that the victim acquiesced in her departure from the premises and thus acquitted Whittlesey of the kidnapping, nonetheless the jury was authorized by the evidence to find that he *entered* the residence without authority and with the intent to kidnap. The crime of burglary was complete at that moment and the acquittal on the charge of kidnapping did not affect the basis for the conviction of burglary.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 5, 1989

*H. Haywood Turner III*, for appellant.

*Douglas C. Pullen, District Attorney, Martha D. Blackmon, Assistant District Attorney*, for appellee.