## A92A1926. JOHNSON v. THE STATE.
(427 SE2d 29)

ANDREWS, Judge.
Johnson was tried and convicted of burglary and appeals.

Viewing the evidence in the light most favorable to the verdict, it was that on December 14, 1991, Lurlline Chitman, Johnson's ex-girl friend, returned to her apartment and found a window broken. She suspected a burglary in progress, suspected that Johnson might be the perpetrator and called 911.

The police arrived, but found no signs of a forced entry. During a search of the apartment, they found insulation hanging out from a trap door in the bathroom closet. They climbed into the crawl space above the apartment and found Johnson lying between the rafters about eight feet away from the trap door. A letter which Johnson had written was located adjacent to the place Johnson had been lying. The letter was to Ms. Chitman, and referred to recent problems in their relationship and stated in part: "I understand that I get wild and violent from time to time. . . ." In the top of the bathroom closet was a kitchen knife, which had been taken from Chitman's kitchen.

During his relationship with Chitman, Johnson had stayed over-night at her apartment on several occasions. Nevertheless, Chitman had not given Johnson a key to her apartment. On the night of December 14, Chitman was concerned that Johnson might come to her residence based on a hostile conversation between the two earlier that same day and on his previous violent behavior towards her.

Johnson also testified at trial. He claimed that he was living at Chitman's apartment on December 14, 1991, and that he had a key to the apartment. He also testified that he had arranged for a telephone line to be installed in the apartment, which he had contracted for in the name of "Darryl Walker." Johnson admitted that he and Chitman had an argument on December 14 and that he had previously been physically violent towards her. He also admitted that he was on probation on December 14 for theft by receiving of an automobile, that he had violated his probation by failing to report and pay his fine, and that he was attempting to elude authorities for as long as possible.

1. In his first enumeration of error, Johnson claims that the evidence was insufficient as a matter of law to support a conviction for burglary. Citing *Hamby v. State*, 173 Ga. App. 750 (328 SE2d 224) (1985) and *Johnson v. State*, 158 Ga. App. 432 (280 SE2d 856) (1981), he argues that the burglary conviction was invalid, since it was predicated on Johnson entering the residence to commit an aggravated assault, and there was no showing that Chitman had any immediate apprehension for her safety, a necessary element of the crime of aggravated assault.

We do not agree. The crime for which Johnson was convicted was burglary, not aggravated assault. "To complete the crime of burglary, it is not necessary that a defendant actually commit a theft or a felony; it is sufficient if he enters without authority and with the intent

to commit a theft or a felony." (Citations and punctuation omitted.) *Childs v. State*, 257 Ga. 243, 251 (12) (357 SE2d 48) (1987); *Whittlesey v. State*, 192 Ga. App. 667 (385 SE2d 757) (1989). In this case, there was sufficient evidence that Johnson entered the apartment without authority and with the intent to commit an aggravated assault. Accordingly, the evidence was sufficient to authorize a rational trier of fact to find the defendant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his second enumeration, Johnson contends that the court erred by improperly charging the jury and thereby deprived him of his due process rights. At the outset, we note that appellant has failed to separately delineate his arguments as separate enumerations of error as required by the rules of this court. See generally Court of Appeals Rule 27 (e).

(a) Johnson first contends that the court charged the jury in a confusing and misleading manner by failing to give his requested instructions regarding burglary. We have reviewed the record and find that the court properly charged the jury regarding burglary pursuant to OCGA § 16-7-1 (a). See also Suggested Pattern Jury Instructions, Volume II: Criminal Cases, § 4 E 1 (c). Similarly, when read as a whole, the charge regarding aggravated assault was proper and we find no error. See generally OCGA § 16-5-21; *Smith v. State*, 140 Ga. App. 395 (1) (231 SE2d 143) (1976).

(b) Next, Johnson claims that the court erred in advising defense counsel that it would not charge the jury as to circumstantial evidence and then, after closing argument, in reversing its position and so charging. We have reviewed the transcript of the charge conference and find no merit in Johnson's contention that the court refused to charge on circumstantial evidence. The court refused to give one of Johnson's requested charges concerning circumstantial evidence, but indicated that the court would give a general charge on the subject. Accordingly, Johnson's argument has no merit.

(c) Johnson argues that the court erred by failing to give six of his requested charges. Johnson sets forth only general arguments in this regard and we find this contention without merit.

(d) Citing *Hambrick v. State*, 190 Ga. App. 119 (378 SE2d 340) (1989), Johnson claims that the court erred by failing to charge the jury regarding the lesser included offense of criminal trespass. We find this without merit, since Johnson failed to present a written charge on this point to the court and since criminal trespass was not his defense at trial. The transcript reveals that defense counsel requested if the court would charge on the subject of criminal trespass to which the court stated that it would not charge on that subject. "The court's failure to charge a lesser included offense is not revers-

ible error unless the accused by 'written application to the trial judge at or before the close of the evidence' requests such charge." *Lovett v. State*, 165 Ga. App. 379 (301 SE2d 303) (1983); *Workman v. State*, 198 Ga. App. 455, 458 (4) (402 SE2d 76) (1991). Accordingly, we find no error.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 5, 1993.

*Nannette D. Garrett*, for appellant.

*Robert E. Keller, District Attorney, Gina C. Shuman, Assistant District Attorney*, for appellee.