S94A0108. McGHEE v. THE STATE.
(442 SE2d 757)

THOMPSON, Justice.

Ray V. McGhee was convicted of murder and sentenced to life in prison.[1]

1. Defendant asserts the general grounds. Viewed in a light favorable to the verdict, the evidence shows the following:

Defendant lived with his wife and children in his mother-in-law's house. On March 18, 1993, defendant, his wife, Derrick Favors (his brother-in-law), Crawford Parks, and Johnny Lockhart (the victim) were playing cards. Defendant accused the victim of cheating and an argument ensued. The argument escalated to a pushing and shoving match. Defendant's mother-in-law asked defendant and the victim to leave. Defendant said he was going to "kill" the victim and "burn him up." The victim said he was going to get the police and he left, taking his car. He drove to his house, called Favors and Parks, and invited them to come there. Favors and Parks walked to the victim's house. They decided to return to defendant's mother-in-law's house to wait

---

[1] The crime occurred on March 18, 1993. McGhee was indicted on May 17, 1993, tried commencing on July 19, 1993, found guilty of murder and sentenced on July 20, 1993. The notice of appeal was filed on August 11, 1993, and the appeal was docketed on October 22, 1993. The case was submitted for decision on briefs on December 3, 1993.

for the police. None of them carried a weapon. They walked up a path leading to defendant's mother-in-law's house and stopped to talk. Approximately 20 minutes had passed since the victim first left defendant's mother-in-law's house.

In the meantime, defendant corralled the children into a bedroom and took a rifle from the bedroom closet. He spied the victim, Favors and Parks on the path; took aim at the victim through a bedroom window; and fired one shot. The bullet struck the victim in the chest and killed him.

Favors retrieved a gun and fired two shots at defendant who fled into the woods. Defendant was apprehended the next day. He gave a voluntary, written statement in which he claimed (1) he feared the victim was going to return with a gun; (2) he opened the window "to stop him from bringing the gun into the house"; and (3) the rifle was fired accidentally as he tried to climb out the window. In addition, defendant admitted in response to police questioning that he never saw the victim with a gun.

Based on this evidence, the jury was authorized to find defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant contends the trial court erred in permitting Bennie Blankenship, a ballistics expert with the state crime lab, to testify on behalf of the state because his name did not appear on the state's list of witnesses. The state sought Blankenship's testimony to show that the bullet removed from the victim and sent to the state crime lab was a .22 caliber bullet. The prosecution demonstrated that it was unaware until the afternoon of the first day of the trial that the bullet had been sent to the state crime lab and examined by Blankenship. Defendant was given the opportunity to interview the witness, and to cross-examine him outside the presence of the jury. Then Blankenship testified in the jury's presence that the bullet was a ".22 caliber lead bullet." The trial court did not err in permitting Blankenship to so testify. *White v. State*, 253 Ga. 106, 109 (3) (317 SE2d 196) (1984).

3. Defendant requested a charge on accident; he did not request a charge on voluntary manslaughter. The trial court charged the jury on murder and accident and invited objections to the charge. Defense counsel replied that he had no objections.

In his final enumeration of error, defendant asserts that, in light of his statement to the police, the trial court erred in failing to charge the jury on voluntary manslaughter. This enumeration of error is not supported by argument or citation of authority and must be deemed abandoned. *Hayes v. State*, 261 Ga. 439, 444 (6) (d) (405 SE2d 660) (1991). Moreover, a review of this enumeration is barred because defense counsel did not object, nor reserve objections to, the charge. *Rivers v. State*, 250 Ga. 303, 309 (298 SE2d 1) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 16, 1994.

*George C. Kennedy, Jr.,* for appellant.
*Peter J. Skandalakis, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Assistant Attorney General,* for appellee.