S97A2074. SMITH v. THE STATE.
(495 SE2d 280)

FLETCHER, Presiding Justice.

Bobby Lee Smith was convicted of murder, rape, and kidnapping in the strangulation of Sherry Lynn Pollard.[1] Smith appeals, challenging the admission of his statement. Because the record supports the trial court's findings that the statement was freely and voluntarily given, we affirm.

The evidence at trial showed that Smith was staying at the motel where Pollard worked and that he forced her into a room from the hallway. He beat her about the head with a telephone, strangled her with the telephone cord, and raped her. He took her wedding ring

---

[1] The crimes were committed on July 8, 1989. A grand jury indicted Smith on April 23, 1992. On February 28, 1997, a jury convicted Smith for malice murder, burglary, kidnapping with bodily injury, rape, aggravated assault, robbery by force, possession of cocaine, and concealing a death. On March 7, 1997, the trial court sentenced Smith to life imprisonment for malice murder. The trial court imposed separate life sentences on the kidnapping and rape charges, separate 20-year sentences on the aggravated assault, burglary, and robbery charges, a 15-year sentence on the possession charge, and a 12-year sentence on the concealment of a death charge. Each sentence is to run consecutively. Smith filed a motion for new trial on March 28, 1997, which he amended on August 1, 1997. The trial court denied the motion on August 5, 1997. Smith filed a notice of appeal on August 28, 1997 and the case was submitted for decision without oral argument on November 3, 1997.

and a set of motel keys in Pollard's possession. The state presented expert testimony that Smith's DNA matched samples taken from Pollard and his fingerprints were found on the telephone and in the room where she was found.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Smith guilty of the crimes charged beyond a reasonable doubt.[2]

2. Smith contends that the trial court erred in admitting one of his statements. Following a *Jackson-Denno*[3] hearing, the trial court held that the statement was admissible as it was freely and voluntarily given. We have reviewed the record of the hearing and conclude that the trial court's finding is supported by the record.[4] The transcript of Smith's recorded statement shows that he was willing to give a statement and acknowledged signing a waiver of rights form. Officers testified that they explained Smith's rights to him; he stated that he understood his rights and knew what he was doing, did not request an attorney, and was not coerced or offered any benefit or promise. Therefore, the trial court did not err in admitting the statement.

At the *Jackson-Denno* hearing, one police officer testified that police conducted a "pre-interview" of Smith prior to tape-recording the statement used at trial. The state failed to comply with O.C.G.A. § 17-7-210 because it did not furnish in writing the relevant and material parts of the unrecorded statements.[5] However, the state did not use any of the "pre-interview" statements at trial. The failure of the state to summarize and disclose the "pre-interview" statements provides no basis for excluding the recorded statement that was provided to Smith and found to be freely and voluntarily given.[6]

3. Smith contends that in response to his *Brady*[7] motion, the state turned over only part of its file to the trial court and that the trial court did not review the entire file. The record reflects that the district attorney stated to the trial court that he had turned over all the materials he had relating to evidence in the case and the trial court stated it had reviewed all the materials it received. The district attorney further stated that the only items he did not turn over to the

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[4] *Dixon v. State*, 267 Ga. 136, 139 (475 SE2d 633) (1996) (trial court's factual and credibility determinations in *Jackson-Denno* hearing will not be disturbed on appeal unless clearly erroneous).

[5] The *Jackson-Denno* hearing was held in 1993, prior to the enactment of the current discovery provisions codified at O.C.G.A. § 17-16-4.

[6] See *Brown v. State*, 161 Ga. App. 544, 545 (288 SE2d 882) (1982).

[7] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

court were a box that contained defense motions and a box containing scientific and scholarly articles. Finally, a new district attorney took office several months prior to the trial of this case[8] and announced an open file policy, which Smith does not dispute. Therefore, this enumeration contains no error requiring reversal.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 9, 1998.

*David E. Perry,* for appellant.

*Kenneth B. Hodges III, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.

---

[8] The *Brady* hearing was held on June 27, 1995.