### S01A1689. GREEN v. THE STATE.
(558 SE2d 707)

SEARS, Presiding Justice.

Appellant Paul Benjamin Green appeals his convictions for murder, armed robbery, kidnapping, and related crimes.[1] Having re-

---

[1] The crimes took place on the night of December 31, 1997-January 1, 1998, and appellant was indicted along with Cornelius Mason and Etheridge Conaway on February 6, 1998 for malice murder, felony murder, armed robbery, three counts of aggravated assault, two counts of illegal firearm possession, and two counts each of kidnapping and false imprisonment. A joint trial was held on September 28-October 8, 1998, and appellant was found guilty of all charges. Appellant's new trial motion was filed on November 5, 1998, and granted on August 11, 1999, based upon the State's failure to prove venue. A second joint trial was held on August 14-30, 2000, and appellant was found guilty on all charges except one charge of aggravated assault. Appellant was sentenced to life imprisonment for murder; a consecutive life sentence for armed robbery; two 20-year terms for the kidnappings, to run

viewed the record, we conclude that the trial court did not err in denying appellant's motion to sever his trial from that of his co-defendants. Nor has appellant established that he received ineffective assistance from trial counsel. Therefore, we affirm.

The evidence was sufficient for a rational trier of fact to conclude that on New Years' Eve 1997, appellant and his co-defendants Mason and Conaway were dealing drugs out of a house. The victim, Antonio Johnson, and his friend, Sanders, went to the house to buy drugs. Appellant and his cohorts forced Johnson and Sanders to the ground and beat them with guns and other objects. Johnson was shot once, and was wounded but not killed. Sanders was taken from the house and later released.

Appellant and co-defendant Conaway removed the wounded Johnson from the house, wrapped him in a sheet and placed him in the back seat of a car. Appellant and Conaway then drove the car to a nearby high school, removed Johnson from the car, and placed him on the ground, where appellant shot Johnson at least five times, killing him. Before leaving the scene, appellant and Conaway took Johnson's coat and money. Appellant's girlfriend was later seen and photographed wearing Johnson's coat. After the killing, appellant bragged to others that he had shot and killed Johnson execution-style.

A joint trial was held in 1998, and appellant was found guilty on all charges against him. A new trial motion was granted, however, due to the State's failure to prove venue. A second joint trial was held in August 2000, at which co-defendants Conaway and Mason testified in their own defense, and appellant was again convicted, this time on all but one of the counts against him.

1. Construed most favorably to the verdicts, the evidence was sufficient to enable a rational trier of fact to find appellant guilty of the crimes of which he was convicted.[2]

2. The trial court did not err in denying appellant's motion to sever his trial from that of his two co-defendants. The question of whether to grant a severance in a joint trial for a capital crime in which the death penalty is not sought is within the discretion of the trial court.[3] In determining whether to grant a motion to sever, a trial court should consider: (1) whether the number of defendants

---

concurrently with each other and consecutive to the other sentences; and two five-year terms for illegal firearm possession, also to run concurrently with each other and consecutive to the other sentences. The felony murder and aggravated assault convictions were merged by operation of law. A new trial motion was filed on September 28, 2000, amended on April 16, 2001 and denied on May 9, 2001. The trial transcript was certified on October 30, 2000. A notice of appeal was timely filed on May 16, 2001, and the appeal was submitted for decision without oral argument.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 17-8-4.

will confuse the jury as to the evidence and the law applicable to each defendant; (2) whether, despite cautionary instructions from the court, there is a danger that evidence admissible against one defendant will be improperly considered against another defendant; and (3) whether the defenses of the defendants are antagonistic to each other or to each other's rights of due process.[4] It is incumbent upon the defendant who seeks a severance to show clearly that he will be prejudiced by a joint trial, and in the absence of such a showing, the trial court's denial of a severance motion will not be disturbed.[5]

In this matter, all three defendants played a separate role in the assaults and murder at issue, and the evidentiary facts and the law applicable to each defendant were substantially the same.[6] Merely because three defendants are tried together is not cause for a severance.[7] Appellant does not attempt to explain how the fact that all three co-defendants were jointly tried caused the jury to be confused, and after reviewing the record, we can discern no evidence of jury confusion, either. Similarly, the record reveals no likelihood that evidence introduced against one defendant was improperly considered against a co-defendant. Furthermore, the fact that both co-defendants gave testimony that implicated appellant in the victim's murder, standing alone, is not sufficient reason to grant a severance.[8] Both co-defendants were subject to cross-examination by appellant's counsel, and their testimony would have been admissible even if appellant had been tried separately.[9] Finally, appellant does not attempt to explain how the antagonistic defenses of his co-defendants prejudiced his rights of due process. This Court has previously held that unless there is a showing of resulting prejudice, antagonistic defenses do not automatically require a severance.[10] Having reviewed the record in its entirety, we find no indication that the opposing defenses in this matter caused harm to appellant. Therefore, we conclude that the trial court did not err in denying appellant's motion to sever.

3. Appellant has not shown that he received ineffective assistance from counsel at trial. Appellant does not allege specific instances of counsel error, but rather makes a general claim that counsel's performance prejudiced his defense. We do note, however, that at his new trial hearing, appellant argued that counsel failed to

---

[4] *Adams v. State*, 271 Ga. 485, 486 (521 SE2d 575) (1999); *Satterfield v. State*, 256 Ga. 593, 596 (351 SE2d 625) (1987); *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975).

[5] *Satterfield*, 256 Ga. at 596.

[6] *Issac v. State*, 269 Ga. 875, 879 (505 SE2d 480) (1998).

[7] See *Isaac*, 269 Ga. at 879; *Satterfield*, 256 Ga. at 596.

[8] *Adams*, 271 Ga. at 486.

[9] Id.; see *Isaac*, 269 Ga. at 879.

[10] *Davis v. State*, 266 Ga. 801, 802 (471 SE2d 191) (1996); *Cain*, 235 Ga. at 129.

move for a mistrial when he should have, failed to move the trial court to redact his co-defendants' statements to remove references to appellant, and failed to properly object to statements of appellant's co-defendants. At his new trial hearing, appellant introduced no evidence in support of these allegations, he merely raised them in argument. " 'In the absence of testimony to the contrary, counsel's actions are presumed [to have been] strategic.' "[11]

On appeal, appellant has made no attempt to show how he was prejudiced by these alleged instances of ineffectiveness, other than to show that he was convicted at trial. Having reviewed the record in its entirety, we can discern no indication of such prejudice, either. An appellant's failure to show both that counsel's performance was deficient and that, but for that deficiency, the result of the proceedings would have different is fatal to an ineffectiveness claim.[12] Because appellant has failed to establish that he suffered any harm as a result of the alleged ineffective assistance of his trial counsel, this claim is rejected as meritless.[13]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 14, 2002.

*Patrick G. Longhi,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.

---

[11] *Holmes v. State,* 273 Ga. 644, 648 (543 SE2d 688) (2001) (quoting *Turner v. State,* 236 Ga. App. 592 (512 SE2d 699) (1999)).

[12] *Stephens v. State,* 265 Ga. 120, 121-122 (453 SE2d 443) (1995); *Brewer v. State,* 224 Ga. App. 656, 657 (481 SE2d 608) (1997).

[13] See *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).