## A03A1018. TRAMMELL v. THE STATE.
(586 SE2d 693)

BARNES, Judge.

Henry Lee Trammell was convicted of selling cocaine and obstruction of an officer. His motion for new trial was denied. He appeals, asserting that the evidence was insufficient to sustain a conviction and his trial counsel was ineffective. For the following reasons, we affirm.

Viewed in the light most favorable to the verdict, the evidence at trial established that a police informant drove by Trammell's house and told him he had a buyer for cocaine. Trammell got in the car with the informant, who then stopped at his grandmother's house and called the police so they could set up the buy. The informant then drove Trammell to a gas station, and an undercover police officer got into the car. The officer handed the informant $50, which the informant passed to Trammell. Trammell gave the officer a plastic bag containing what appeared to be crack cocaine. The officer left the car and the informant drove off. Shortly thereafter, police cars pulled up behind the car and signaled for the car to stop. When the informant pulled over, Trammell jumped out of the car and ran. The police chased him for about 100 yards through a heavily wooded area. Eventually, the police flushed Trammell out of the woods and he was arrested. A jury found Trammell guilty of selling cocaine and obstruction of an officer, and this appeal followed.

1. Trammell argues that the evidence was insufficient to support the conviction of selling cocaine and obstruction of an officer. This argument is meritless. The evidence shows that Trammell gave an undercover officer cocaine after the officer gave the informant $50 to pass to Trammell. The officer did not have to give the money directly to Trammell to constitute a sale. "[A] sale of drugs is complete when the seller delivers the drugs to the feigned buyer." (Citation and

punctuation omitted.) *Jones v. State*, 198 Ga. App. 881, 882 (1) (403 SE2d 867) (1991). Thus, since Trammell delivered the cocaine directly to the undercover officer, the evidence is sufficient to find him guilty beyond a reasonable doubt of selling cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence also supports the obstruction conviction. Trammell fled from officers after he was repeatedly told to stop. Because he obstructed or hindered a law enforcement officer in the lawful discharge of his duty by fleeing, the evidence was also sufficient to find him guilty of obstruction of an officer beyond a reasonable doubt. See OCGA § 16-10-24 (a); *Larkin v. State*, 230 Ga. App. 129-130 (1) (495 SE2d 605) (1998).

2. Trammell also argues that his trial counsel was ineffective for (a) failing to communicate a plea bargain and (b) failing to engage in meaningful trial preparation.

> When inadequate representation is alleged, . . . [g]enerally, the burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

(Citations, punctuation and emphasis omitted.) *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

(a) Trammell asserts that his trial counsel did not inform him of a plea offered by the state. However, trial counsel insisted that he communicated the plea to Trammell and that Trammell was "adamant" on not accepting the plea. "The trial court's determination that counsel did not fail to communicate a plea bargain offer to appellant was a matter of credibility of witnesses, and we are not authorized to disturb it." (Citation omitted.) *Kimbrough v. State*, 215 Ga. App. 303, 305 (5) (450 SE2d 457) (1994). "The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous." (Citation omitted.) *Hamilton v. State*, 274 Ga. 582, 587-588 (13) (555 SE2d 701) (2001).

(b) Trammell further argues that his trial counsel did not engage in meaningful trial preparation. But the record reveals that trial counsel had several meetings with the defendant, conducted discovery, filed pretrial motions, and spoke with most of the state's witnesses. The evidence thus supports the trial court's determination that trial counsel adequately prepared for trial. *Woods v. State*, 271 Ga. 452, 453-454 (2) (b) (519 SE2d 918) (1999). Thus this contention is also without merit.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED AUGUST 18, 2003.

*Alfred F. Zachry*, for appellant.
*Peter J. Skandalakis*, District Attorney, *Lynda S. Caldwell*, Assistant District Attorney, for appellee.