## A04A0605. BASKIN v. THE STATE.
(600 SE2d 599)

MILLER, Judge.

Convicted of armed robbery and other offenses, Charles Baskin appeals, raising several enumerations of error. We affirm, holding that the trial court did not err in rejecting his ineffective assistance of counsel claim or in denying his motion to sever the trial, that evidence supported the jury instruction as to voice identification, and that evidence sustained the verdict.

Ervin Head and Baskin were jointly indicted, tried, and convicted of armed robbery, hijacking a motor vehicle, and aggravated assault. Head appealed his conviction, which we affirmed. *Head v. State*, 256 Ga. App. 624 (569 SE2d 548) (2002). That opinion concisely sets forth the facts of this case.

> Evidence presented at trial shows that two armed, masked men ran toward the victim, Johane Eugene Blalock, as he was standing outside his parked vehicle. One man carried a 9 millimeter handgun, and the other had an AK-47 assault rifle. The assailant armed with the handgun ordered the victim to lie on the ground and demanded his keys. The assailants then took the victim's money ($80), ripped his gold chain from his neck, and drove off in his car, a gray Buick LeSabre. The victim called the police, who apprehended Baskin and Head shortly before midnight in the parking lot of a nearby school. The defendants were in the process of stripping the rims from the wheels of the victim's car. Two ski masks and a 9 millimeter handgun were found on the ground within arm's reach of both men. Eighty dollars and a gold chain were found in Baskin's pocket. The victim identified Baskin as the assailant with the handgun but was unable to identify the second attacker.
>
> Head denied any involvement in the armed robbery and carjacking. Head testified that he wanted to purchase a certain type of rims for his car and implied that Baskin offered to procure them. Head claimed that on the night the

crimes occurred, he was at home playing cards with two friends, Demetrius Barnes and Robert Brown. According to Head, he received a page from Baskin, who said he had the type of rims Head wanted. Head agreed to meet Baskin at Price Middle School. Head testified that Brown left, and Head and Barnes drove to the school. Barnes testified that he parked around the corner while Head met with Baskin. Head admitted that he began taking the rims off the victim's car. According to Head, Baskin stated that he stole the vehicle and that the handgun belonged to him. However, the trial court sustained the state's hearsay objection to Head's testimony concerning the gun.

Both of Head's alibi witnesses, Brown and Barnes, testified that they were with Head that evening in Head's apartment until he received the page from Baskin.

Baskin's former girlfriend, 13-year-old Sherika Hudson, who lived in the same apartment complex as Baskin, testified that she was standing on her balcony around midnight and saw Head in the victim's car in front of Baskin's apartment. Hudson testified that she also saw Baskin enter the vehicle, after having gone upstairs to tell his mother goodbye. During the hearing on the motion for new trial, however, Hudson testified that she had fabricated her trial testimony.

Baskin's mother, Victoria Baskin, testified that on the night in question, Baskin came home around midnight and told her that he was going out with Head. Mrs. Baskin walked out onto her balcony, looked down, and saw Head standing beside a gray car. She also saw Barnes sitting in the car, and she watched her son enter the vehicle.

(Footnote omitted.) Id. at 624-625.

The jury found both men guilty of armed robbery, hijacking a motor vehicle, and aggravated assault. Following the denial of his motion for new trial, Baskin appeals.

1. Baskin's first two enumerations of error claim that he received ineffective assistance of trial counsel, a claim the trial court rejected in denying Baskin's motion for new trial. To prove ineffective assistance, Baskin bore the burden of showing (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) the deficient performance prejudiced Baskin. *Trammell v. State*, 262 Ga. App. 786, 787 (2) (586 SE2d 693) (2003). "The trial court's determination with respect to effective assistance of

counsel will be affirmed unless the trial court's findings are clearly erroneous." (Citation and punctuation omitted.) Id. at 787 (2) (a).

(a) *Advice to Baskin regarding guilty plea offer.* Baskin first claims that his attorney failed to provide adequate advice and counsel on whether he should accept or reject the State's plea offer. Evidence showed that trial counsel communicated the plea offer of ten years imprisonment to Baskin and discussed with him the consequences of accepting or rejecting the plea offer. Adamantly maintaining his innocence, Baskin chose to reject the plea offer and to go to trial. Baskin now complains that the *State* presented no affirmative evidence that trial counsel *encouraged* Baskin to accept the offer or otherwise gave his opinion as to whether to accept the offer. Baskin argues that in light of the strong evidence incriminating him, such advice was required to render adequate representation.

Baskin's arguments fail for at least two reasons. First, Baskin misapprehends the burden of proof in establishing ineffective assistance. "He, not the State, must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." (Citation and punctuation omitted.) *Morgan v. State,* 275 Ga. 222, 227 (10) (564 SE2d 192) (2002). Thus, the absence of any testimony in the record regarding whether trial counsel advised or encouraged Baskin to accept the plea offer is a failure of proof that lies at the feet of Baskin, not at the feet of the State. Baskin bore the burden of showing that the advice was not given, a burden he failed to carry when he did not ask trial counsel during the motion for new trial hearing whether such occurred.

Second, even if the evidence affirmatively showed that trial counsel did not give such encouragement or advice to Baskin, the Supreme Court of Georgia has explained that "[o]bjective professional standards dictate that a defendant, absent extenuating circumstances, is entitled to be told that an offer to plead guilty has been made and to be advised of the consequences of the choices confronting him." *Lloyd v. State,* 258 Ga. 645, 648 (2) (a) (373 SE2d 1) (1988). The Court has *not* held that in addition, defense counsel is required to give his opinion as to whether the defendant should accept the offer. Indeed, "[a]fter being provided informed legal advice, it is the defendant, not the attorney, who makes the ultimate decision about whether or not to plead guilty. [Cit.]" *Johnson v. State,* 276 Ga. 57, 60 (4) (a) (573 SE2d 362) (2002). Thus, any opinion from trial counsel about the ultimate wisdom of accepting a guilty plea offer might be helpful to the defendant but certainly is not required.

Evidence supported the trial court's finding of fact that Baskin's trial counsel informed him of the plea offer and explained the consequences of accepting or rejecting the offer. See *Trammell,* supra, 262 Ga. App. at 787 (2) (a) (" 'The trial court's determination that

counsel did not fail to communicate a plea bargain offer to appellant was a matter of credibility of witnesses, and we are not authorized to disturb it.' [Cit.]"). Accordingly, the trial court did not clearly err in ruling against Baskin on this claim.

(b) *Failure to obtain certified convictions of victim.* Baskin complains that his attorney failed to obtain certified copies of the victim's prior conviction. Baskin argues that without such copies, his trial counsel was not able to adequately impeach the victim. However, Baskin failed to procure such certified copies and to introduce them at his motion for new trial hearing, precluding a showing of prejudice, i.e., that the use of the conviction would have made a difference in the outcome of his trial. Cf. *Woods v. State*, 255 Ga. App. 265, 267 (1) (564 SE2d 853) (2002) (failure to produce certified copies precluded a showing of clear prejudice). Indeed, trial counsel testified at that hearing that in his opinion, the conviction was not material enough to justify obtaining the certified copies. Apparently, appellate counsel came to the same conclusion. Evidence supported the trial court's ruling that such did not constitute ineffective assistance.

(c) *Failure to reserve objections to the jury charge.* Baskin contends that his trial counsel's failure to reserve objections to the jury charge prejudiced him. The only charge Baskin complains of on appeal is the court's charge concerning voice identification, which as discussed in Division 4 below was properly given. Failure to make futile objections does not constitute ineffective assistance. *Carswell v. State*, 263 Ga. App. 833, 836 (6) (a) (589 SE2d 605) (2003).

(d) *Commenting on Baskin's choice not to testify.* Baskin complains that during closing argument, his trial counsel commented on his decision not to testify. Setting aside the obvious strategical nature of a decision to make such a comment, we note that this alleged error of counsel was not raised below when Baskin presented to the trial court his motion, evidence, and argument on ineffective assistance of counsel. The failure to raise this specific ground below is a procedural bar to raising that issue now. *Doss v. State*, 264 Ga. App. 205, 207 (2) (590 SE2d 208) (2003); see *Scieszka v. State*, 259 Ga. App. 486, 488 (2) (578 SE2d 149) (2003).

2. Baskin contends that the trial court erred in denying his motion to sever the trial of his co-defendant Head. In deciding a motion to sever, a trial court considers three factors: "1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights? [Cit.]" *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). Absent an abuse of discretion, we will not disturb the trial

court's decision on a motion to sever. *Heard v. State*, 274 Ga. 196, 199 (5) (552 SE2d 818) (2001); see *Isaac v. State*, 269 Ga. 875, 878-879 (7) (505 SE2d 480) (1998).

Conceding that the first two factors did not warrant severance, Baskin contends only that Head's defense was antagonistic to Baskin's and that therefore severance was required. However, "[t]he mere fact that co-defendants' defenses are antagonistic is not sufficient in itself to warrant separate trials. A showing of harm is necessary." (Citations omitted.) *Cain*, supra, 235 Ga. at 129. Indeed, this must be a clear showing of prejudice. *Stephens v. State*, 245 Ga. App. 823, 827 (8) (538 SE2d 882) (2000); see *Heard*, supra, 274 Ga. at 199 (5).

Here the defenses of the two co-defendants were in fact antagonistic. Each claimed to have assisted in the stripping of the vehicle at the middle school only at the other's invitation after the other had already committed the armed robbery. Baskin's only assertion of harm is that his co-defendant Head chose to testify. Baskin argues that he, on the other hand, "exercised his Fifth Amendment privilege not to testify and was thus placed in the position that he could only effectively counter co-defendant[']s accusations by waiving his privilege. Because [Baskin] did not waive this fundamental right, co-defendant's testimony could not be directly challenged."

Baskin's argument fails for the simple reason that even without testifying, he had every opportunity to present evidence to counter Head's testimony and indeed did so by putting two witnesses on the stand to support his version of the events. Moreover, he had the right (which he in fact exercised) to cross-examine Head thoroughly. "No prejudice amounting to a denial of appellant's due process protection is demonstrated by the circumstance that an accomplice, who is subject to cross-examination, takes the stand and blames the appellant or attributes to him a greater degree of culpability than the accomplice himself bears." (Citations and punctuation omitted.) *Woods*, supra, 255 Ga. App. at 267 (1). Head's testimony would have been admissible even if Baskin had been tried separately. See id. Since evidence supported the finding that Baskin failed to carry his burden of showing clear prejudice, the trial court did not abuse its discretion in denying Baskin's motion to sever. See *Green v. State*, 274 Ga. 686, 688 (2) (558 SE2d 707) (2002); *Heard*, supra, 274 Ga. at 199 (5); cf. *Head*, supra, 256 Ga. App. at 625-628 (1).

3. Baskin contends that the trial court erred in instructing the jury that voice identification is analogous to visual identification in that the certainty of such is a question of fact to be resolved by the jury. The court stated further that such identification of a person is necessarily a matter of the witness's opinion. Baskin argues that no evidence showed that the victim identified him by voice and that therefore the instruction was inappropriate.

Following the jury charge, Baskin failed to object to this instruction or to reserve any exceptions to the jury charge when asked by the court. He has therefore waived the issue on appeal. *Preer v. State*, 275 Ga. 125, 126 (2) (562 SE2d 175) (2002). Nevertheless, because Baskin claims that this constituted ineffective assistance of counsel, we address the merits of this enumeration.

The victim testified that he had known Baskin prior to the robbery because Baskin lived near him and because the victim spent time with Baskin's brother. When describing his recognition of Baskin despite Baskin's wearing a ski mask during the robbery, the victim explained, "I seen [sic] the eyes and the eyebrows. And I noticed his voice. . . ." Some evidence showed that the victim identified Baskin by his voice, and therefore the court did not err in giving the charge. See *Gaston v. State*, 257 Ga. App. 480, 486-487 (6) (b) (571 SE2d 477) (2002) (only slight evidence is needed on a specific issue to authorize a jury instruction on the law related to that issue).

4. In his final enumeration of error, Baskin challenges the sufficiency of the evidence. This is ironic, considering his earlier argument that the evidence of his guilt was so incriminating that his trial counsel erred in not encouraging him to plead guilty. The record shows that the victim unequivocally identified Baskin as the gunman who ordered him to give up his car keys and who drove the victim's vehicle away, and that shortly after the robbery, police found Baskin in possession of $80 and the gold chain stolen from the victim and witnessed him stripping the victim's stolen vehicle, with the ski masks and a 9 millimeter gun lying nearby. The evidence sufficed to sustain the convictions for armed robbery (OCGA § 16-8-41 (a)), hijacking a motor vehicle (OCGA § 16-5-44.1 (b)), and aggravated assault (OCGA § 16-5-21 (a)). See *Head*, supra, 256 Ga. App. at 631 (5).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MAY 5, 2004 —
RECONSIDERATION DENIED JUNE 9, 2004 — 

*Herbert Adams, Jr.*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.