### 38754. CASEY v. THE STATE.

CLARKE, Justice.

Appellant was convicted of murder and sentenced to life in prison for the shooting of Joan Russo in the Save Inn Lounge in Kennesaw, Georgia, on July 28, 1980. His motion for new trial was denied by the trial court and we affirm the conviction on appeal.

The appellant contended at trial that while he was present at the lounge at the time of the shooting he did not have his gun with him and did not shoot the victim. There was direct testimony from others, including the victim's husband, Joe Russo, that they saw the appellant shoot Mrs. Russo.

The shooting occurred around 10:00 p.m.; the lounge area where the incident occurred was dimly lit. The principal parties and many of the witnesses in the case were acquainted with each other. Mr. Russo arrived at the lounge in the late afternoon or early evening. The appellant and his wife were present and sitting at a table with another couple, the Glancies. A Dr. Jim Harrison was also present.

When Dr. Harrison left the bar, Mr. Russo approached the appellant to convey a threat made by Dr. Harrison against the appellant. Dr. Harrison told Mr. Russo that he was going home to get his gun and that if appellant was still in the lounge when he returned he would kill him. Appellant then called the police. When an officer arrived and met the appellant Mr. Russo denied that the statement was made; others who were at the appellant's table verified the statement. At trial Mr. Russo testified that he knew Dr. Harrison

would deny making the threat. The appellant knew Dr. Harrison because he had been a member of a jury which had convicted the doctor on numerous drug violations. The officer was told that Harrison drove a Lincoln; he waited outside for a short period and then left the scene when all appeared quiet.

Appellant and his wife remained in the lounge with the Glancies. Joan Russo joined her husband and they sat in a sofa area near the bar. The Russos sat on a sofa with their backs to the bar. They were conversing and playing liar's poker with friends who were sitting on the sofa facing them.

Around 10:00 p.m. the appellant, his wife, and the Glancies paid their tab and prepared to leave. The appellant and his wife walked up behind the sofa where the Russos were seated. According to the state's evidence the appellant made a comment to Mr. Russo about lying to the police and the appellant's wife and Mrs. Russo exchanged words and Mrs. Russo said "Don't hurt him." Witnesses testified that the appellant's wife was pulling Mrs. Russo up by the hair and/or neck. Mr. Russo testified that he saw the gun in appellant's hand and saw a flash when the gun fired. There was testimony of hearing one shot or two rapid shots, neither of which was very loud. According to the appellant he stopped to ask Mr. Russo why he had lied, and a scuffle of some sort arose. He testified that he heard a pop, saw a flash, but didn't know anyone had been hurt. He and his wife then left the lounge and went home. He stated he did not see his wife grab Joan Russo, and that Mrs. Russo was reaching for her purse which was open and contained a gun. Joan Russo's purse was found to contain a .38 pistol and over $2,000 in cash.

The appellant and his wife were arrested at their home later that night. He was subsequently indicted for the murder of Joan Russo. He was first tried in May of 1981 and a mistrial was declared because of the inability of the jury to reach a verdict. The second trial in September of 1981 concluded with a verdict of guilty.

The medical examiner testified that the cause of death was two gunshot wounds in the abdomen. Two .22 caliber bullets were removed. A witness from the state crime lab gave an opinion that the bullets were fired from a RG10 .22 caliber revolver and that one bullet had discharged from the barrel while the second bullet discharged from the cylinder when the gun was fired as the second bullet was sheared and had no barrel grooves. He testified that the bullets did not match ballistically with any of the guns turned over by the state in the Joan Russo homicide.

1. Appellant has enumerated as error, but not briefed, the issue of the sufficiency of the evidence. There was direct testimony from several witnesses that they saw the appellant fire the shot which

killed Mrs. Russo. The credibility of those witnesses was for the jury, and if found credible, the evidence was sufficient to enable a rational trier of fact to find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. On the day after the shooting officers of the Kennesaw police force went to appellant's home to execute a search warrant. No one was home and the officers left and returned the next day when they found the appellant's wife at home at which time the warrant was executed. A .22 caliber automatic pistol was found which was turned over to the crime lab.

Appellant contends the court erred in allowing the Kennesaw police officer to testify as to the reason that they did not execute the warrant on their initial visit. The officer testified that the appellant lived in Bartow County and that he had been informed by the Bartow County sheriff's deputy who accompanied the Kennesaw officers that since it was an election year the sheriff's policy was against breaking into residences to execute search warrants. The court allowed the testimony and instructed the jurors only to consider it for the limited purpose of explaining the officer's conduct in not searching the premises on the first visit. We see no prejudice or harm to the defendant in the admission of the statement and find it was properly admitted under Code Ann. § 38-302.

3. Appellant assigns as error several instances wherein he contends the trial court erred in restricting the cross-examination of certain state's witnesses. Although each party has a right to a thorough cross-examination, the judge's discretion in controlling questioning during a trial will not be disturbed on appeal absent a showing of abuse of discretion. *Moore v. State,* 221 Ga. 636 (146 SE2d 895) (1966).

Error is enumerated on the court's sustaining an objection when defense counsel was questioning a Kennesaw officer regarding items taken during a burglary of appellant's home some months before the shooting. The burglary was investigated by the Bartow County sheriff's office and the witness had no personal knowledge. Furthermore, the appellant was later allowed to testify as to the items taken, which included his collection of guns. The appellant also contends it was error to sustain a state's objection when defense counsel asked an officer if he had information that another witness, Mr. Thomas, possessed .22 caliber pistols. When Mr. Thomas testified he admitted that he had owned such pistols. Another objection involved the officer who initially investigated the threat communicated by Joe Russo to the appellant. The court did not allow the officer to testify as to what a witness said; however, he did allow the officer to state that the witness corroborated appellant's

testimony. We find no harm to the appellant and no abuse of discretion by the trial court.

When Joe Russo was on the stand the court sustained an objection when defense counsel asked what income Mr. Russo had reported to the Internal Revenue Service. There was evidence that Mr. Russo was engaged in the business of buying and selling gold and silver and dealt in large amounts of cash and carried a gun. The cross-examination was thorough and we find no harm in the court's ruling. See *Reaves v. State,* 242 Ga. 542 (250 SE2d 376) (1978).

4. The appellant contends the court erred in admitting over objection a photograph of him taken at the time of his arrest in that it was a "mug shot" which would only tend to prejudice the minds of the jurors against him. The appellant identified the photograph and stated that it showed the clothing he had worn to the lounge. There was testimony that the man who had fired the shot in the lounge was dressed in the same type clothing. The court instructed the jury that the purpose of the photograph was to identify clothing and it was admissible for this purpose. *Cooper v. State,* 229 Ga. 277 (191 SE2d 27) (1972).

5. There was no error in the court giving a charge on circumstantial evidence since it was warranted by the evidence. *Stanley v. State,* 239 Ga. 260 (236 SE2d 611) (1977). We also find no error in the failure to give the charge on good character in the form requested by the appellant as the court's own charge on the defense of good character sufficiently covered the principles.

6. The appellant contends a charge on accident was mandated by the evidence even though no request to charge was made. He bases this contention on the testimony of Mr. Thomas that he saw the gun in appellant's hand, saw the gun fire and that to his knowledge it could have fired by accident. However, the appellant was not relying on the defense of accident but maintained that he did not have a gun and did not fire a gun during the incident. Under these circumstances there is no harm in failing to charge accident in the absence of a request. *Phillips v. State,* 247 Ga. 13 (273 SE2d 606) (1981); *Moody v. State,* 244 Ga. 247 (260 SE2d 11) (1979).

7. Finally the appellant alleges error in the failure to instruct the jury as to the lesser included offenses of voluntary and involuntary manslaughter. There were no requests to charge on these issues and therefore no error is found. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 8, 1982 —
REHEARING DENIED JULY 22, 1982.

728

*Holley & Holley, William P. Holley, Jr.,* for appellant.

*Thomas J. Charron, District Attorney, Joseph L. Chambers, Assistant District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.