## S01A0092. ACLIESE v. THE STATE.
### (549 SE2d 78)

HUNSTEIN, Justice.

Terrance Acliese appeals his convictions for malice murder, three counts of felony murder, armed robbery, aggravated assault, two counts of burglary, possession of a knife during the commission of a felony, theft by receiving and failure to stop in connection with the fatal stabbing of Eric Herndon. We affirm his convictions.[1]

Construing the evidence in the light most favorable to the verdict, the evidence showed that Acliese and a friend, Maraleto Willoughby, met the victim at a nightclub and offered to give him a ride home. On the way to the victim's apartment, Willoughby told Acliese that it was his "mission" to rob the victim. At the apartment Acliese and the victim talked until Acliese got up to use the restroom, grabbed the victim from behind, and held and punched the victim while Willoughby repeatedly stabbed him with a pen knife. Acliese then pinned the victim in a chair by placing his knee on the victim's chest, while Willoughby ran through the apartment taking property belonging to the victim and placed the items in his car. Willoughby later reentered the apartment, retrieved several knives from the kitchen, and stabbed the victim in the eye, causing the knife blade to separate from the handle. The victim continued to resist the attack, and Acliese threw him on the floor and held him while Willoughby sliced his throat with another knife. As the victim lay on the floor bleeding, Acliese kissed the victim, told him he hoped he made it to heaven, and snapped his neck. Acliese then collected the knives used during the attack and the victim's video cassette recorder while Willoughby took other belongings from the apartment.

After the murder, Acliese pawned the video cassette recorder

---

[1] The crimes occurred on or about August 10-11, 1998. Acliese was indicted on September 29, 1998. The trial was held on March 8-17, 2000, and Acliese was found guilty of all charges. He was sentenced to life imprisonment for malice murder, a consecutive life sentence for armed robbery, a ten year concurrent sentence for burglary with intent to commit a theft, a consecutive twenty year term for aggravated assault, a consecutive five year term for possession of a knife during the commission of a felony, a consecutive ten year term for theft by receiving and a consecutive twelve month term for failure to stop. The three felony murder counts and burglary with intent to commit murder were vacated as a matter of law. Acliese filed his notice of appeal on March 22, 2000, the appeal was docketed in this Court on September 28, 2000, and was submitted for decision on the briefs.

and he and another friend stole a car from the victim's apartment complex. Acliese was driving the stolen vehicle when it was spotted by police. The police chased Acliese, but he abandoned the vehicle and eluded the police. Acliese's bloody shirt, a bloody towel, the pen knife, a bent steak knife, the handle of the knife that broke during the attack, and a pawn ticket for the video cassette recorder with Acliese's name on it were found in the stolen car.

1. We find the evidence was sufficient to authorize a rational trier of fact to find Acliese guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At trial, the court admitted into evidence an exhibit comprised of 63 latent fingerprint cards which were identified by the agent in charge of the investigation. Acliese contends the admission of this exhibit was error because the State failed to lay a proper foundation. However, Acliese did not object to the admission of the exhibit at trial and the issue is waived on appeal. *Earnest v. State*, 262 Ga. 494, 495 (1) (422 SE2d 188) (1992).

3. Acliese argues that the aggravated assault count merged into the malice murder count as a matter of fact and his conviction of aggravated assault must therefore be reversed. We disagree. A separate judgment of conviction and sentence are authorized if a defendant commits an aggravated assault independent of the act which causes the victim's death. *Drane v. State*, 265 Ga. 255, 260 (9) (455 SE2d 27) (1995). The evidence showed that Acliese committed an aggravated assault by holding the victim while Willoughby stabbed the victim with a pen knife, thereby causing injury to the victim. Having completed this aggravated assault, and after a certain amount of time had passed while Willoughby ransacked the apartment, Acliese committed a second aggravated assault when Willoughby returned to the room and fatally cut the victim's throat and stabbed him in the chest as Acliese continued to hold down the victim. Because the evidence authorized a finding that Acliese committed an initial aggravated assault independent of the aggravated assault resulting in the victim's death, a separate judgment of conviction and sentence for that initial aggravated assault was authorized. See *Lowe v. State*, 267 Ga. 410 (1) (b) (478 SE2d 762) (1996).

4. Acliese's contention that the trial court failed to properly instruct the jury on the State's burden of proving the underlying felonies for the felony murder counts is moot in light of his conviction for malice murder. *Spencer v. State*, 268 Ga. 85 (4) (485 SE2d 477) (1997).

5. We reject Acliese's contention that the trial court's instruction on burglary impermissibly shifted the burden of proof and constituted an expression of opinion that Acliese had in fact engaged in

offensive aggressive behavior. Considering the charge as a whole, the trial court properly explained to the jury the elements of the crime of burglary and the State's burden of proof, and specifically charged that there is no burden of proof on the defendant whatever. See generally *Zellner v. State*, 260 Ga. 749 (1) (399 SE2d 206) (1991). Additionally, the trial court clearly instructed the jury that it was for the jury to decide whether Acliese had authority to remain in the victim's apartment and that no ruling or comment of the court was intended to express an opinion upon the facts of the case, the credibility of any witness or upon the guilt or innocence of Acliese.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 2001.

*Henry A. Hibbert*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Angel Wheeler, Sheila A. Ross, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.