A02A2442. GARY v. THE STATE.
(575 SE2d 903)

BLACKBURN, Presiding Judge.

Following a jury trial, Tommy Gary appeals his conviction for entering an auto with the intent to commit a theft, contending that: (1) the evidence was insufficient to support the verdict; and that the trial court erred by (2) allowing the State to elicit improper character evidence; (3) admitting evidence that he had been previously tried; (4) allowing the State to argue future dangerousness during closing argument; and (5) allowing the prosecutor to act improperly during closing argument in violation of OCGA § 17-8-75. In addition, Gary argues that (6) he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

1. Gary contends that the evidence was insufficient to support the verdict. We disagree.

> [O]n appeal the evidence must be viewed in a light most favorable to the verdict, and [Gary] no longer enjoys a pre-

---

[2] The evidence was not included in the record on appeal.

sumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. Conflicts in the testimony of the witnesses [are] a matter of credibility for the jury to resolve.

(Citation and punctuation omitted.) *Taylor v. State*.[1] See *Jackson v. Virginia*.[2]

Viewed in this light, the record shows that, on the afternoon of November 29, 2001, Jeff McCardle and Robert Lee were approaching McCardle's car which had been parked behind a construction site. As they turned a corner, both McCardle and Lee saw Gary inside the car, trying to forcibly rip a speaker box from the backseat. The window of the passenger's side had been smashed with a piece of concrete, and the interior of the car had been extensively damaged. As McCardle and Lee came closer, Gary continued to try to detach wires connected to the speaker box. McCardle and Lee confronted Gary, and, when he tried to leave, they detained him and called the police. After Gary was arrested, palm prints lifted from McCardle's car were matched to the defendant's.

This evidence amply supported the verdict against Gary. *Jackson*, supra.

2. Gary contends that the trial court erred by allowing the State to elicit improper character evidence. Specifically, Gary contends that, during its examination of its fingerprint expert regarding Gary's latent prints which were found on McCardle's car, the State should not have been allowed to refer to Gary's fingerprint card on file at the police department. Gary contends that this reference indicated to the jury that he had been arrested on a prior occasion and had a police record. This argument is meritless.

As an initial matter, Gary did not object to the use of this testimony at trial. As such, he has waived this argument on appeal. See *Acliese v. State*.[3] Moreover, even if he had preserved this argument, it remains spurious. "Where, as here, no information was presented to the jury regarding the defendant's prior arrest and the jury never had the opportunity to glean such information from the fingerprint card itself, the presence and admission of the fingerprint card alone do not introduce character into evidence." (Punctuation omitted.) *Mitchell v. State*.[4]

---

[1] *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Acliese v. State*, 274 Ga. 19, 20 (2) (549 SE2d 78) (2001).
[4] *Mitchell v. State*, 242 Ga. App. 694, 697 (4) (531 SE2d 143) (2000).

3. Gary contends that the trial court erred by admitting testimony that, in prior proceedings involving the same crime for which he was currently being tried, a mistrial had been declared. The transcript shows that, following Gary's account of what happened when McCardle and Lee approached him, the State attempted to impeach Gary with inconsistencies contained in testimony from his prior trial. The prosecutor asked: "You've testified under oath at another proceeding, and you didn't mention any of that, though?" Gary responded: "Yeah, the first trial was a mistrial. I know what you're talking about."

As an initial matter, we note that the defendant, himself, not the State, provided the testimony at issue here, despite the fact that he had been previously instructed not to mention his mistrial. "A party cannot reap the benefit of any error caused or aided by his own trial tactics, procedure or conduct." (Punctuation omitted.) *Miller v. State.*[5] Furthermore, Gary's counsel, recognizing his client's error, requested that the trial court allow him to explain to Gary why he could not mention the mistrial. Understandably, Gary's counsel made no objection to the unsolicited comment of his client, and he did not request a mistrial. As such, Gary's present complaint has been waived for purposes of this appeal. See, e.g., *McIntosh v. State.*[6] Moreover, even if a request for a mistrial could have been appropriately made, the trial court could have properly denied it because the single reference to a mistrial did not render the latter trial unfair. Id. at 644 (3).

4. Gary contends that the trial court erred by allowing the prosecutor to refer to Gary's future dangerousness during closing argument. Gary, however, has failed to cite any portion of the State's closing argument which contains such an argument, and our review of the record reveals none. This enumeration is patently erroneous.

5. Gary contends that the trial court erred by not providing curative instructions pursuant to OCGA § 17-8-75 addressing allegedly improper conduct by the State during Gary's closing argument. Again, this enumeration wholly lacks merit.

OCGA § 17-8-75 provides:

> Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his

---

[5] *Miller v. State*, 250 Ga. App. 84, 86 (2) (550 SE2d 134) (2001).
[6] *McIntosh v. State*, 247 Ga. App. 640, 644 (4) (545 SE2d 61) (2001).

discretion, he may order a mistrial if the prosecuting attorney is the offender.

During Gary's closing argument, the State objected two times, and both objections regarded Gary's characterization of the evidence. First, the State objected to Gary's counsel's recount of the struggle between Gary and McCardle. In responding to the State's objection, the trial court indicated that it would leave it to the jury to recall the testimony of the witnesses. Second, the State objected when Gary's counsel implied that all of the in-court identifications of Gary had been influenced by coaching from the State. Answering the objection, the trial court said: "Okay. This is closing argument. . . . And I caution you, this is the second time that I've cautioned you to let [defense counsel] proceed with his closing argument without interruption unless there is an objection."

In this instance, OCGA § 17-8-75 is simply not applicable. The matters about which the State commented were in evidence, and, as such, OCGA § 17-8-75 is not triggered. Moreover, even if OCGA § 17-8-75 had been triggered, the trial court did rebuke the State and made it clear to the jury that they were supposed to rely on the testimony of the witnesses, not statements made by the lawyers. There was no error.

6. Gary contends that he received ineffective assistance of counsel, arguing that: (1) on "general grounds," his trial counsel failed to timely make objections and requests for a mistrial; and (2) his trial counsel failed to investigate the fingerprint evidence and obtain an independent fingerprint expert.

The proper standard to be employed in determining enumerations concerning ineffective assistance of counsel, whether based upon a claim of right arising under federal or state law, is the two-pronged test announced in *Strickland v. Washington*.[7] First, appellant must show that counsel's performance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. As to the second prong, the question is whether there exists a reasonable probability that, but for his counsel's errors, the jury would have had a reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding

---

[7] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

would have been different. Further, a trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.

*Moon v. State.*[8]

With regard to Gary's argument that his counsel was ineffective on general grounds, we note that Gary has made no citations to the record to support his general claims. It is not this Court's duty to cull the record in search of error. See *Holloway v. State.*[9] Accordingly, this argument lacks merit.

With regard to Gary's argument that his trial counsel was ineffective for failing to investigate the fingerprint evidence and obtain an independent fingerprint expert, Gary has failed to provide any argument whatsoever as to how this alleged inefficiency harmed him. Without a showing of harm, his claim must fail. See *Strickland,* supra.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JANUARY 9, 2003 — 

*Mark A. Casto,* for appellant.
Tommy Gary, *pro se.*
*J. Gray Conger, District Attorney, Crawford L. Seals, Assistant District Attorney,* for appellee.

---

[8] *Moon v. State,* 252 Ga. App. 796, 798 (2) (557 SE2d 442) (2001).
[9] *Holloway v. State,* 245 Ga. App. 510, 512 (2) (b) (537 SE2d 708) (2000).