## S96A1555. JOHNSON v. THE STATE.
(476 SE2d 757)

FLETCHER, Presiding Justice.

A jury found Gloria Christine Johnson guilty of felony murder in connection with the shooting death of her brother-in-law, Willie Thomas.[1] She challenges the sufficiency of the evidence and the introduction of prior act evidence. We affirm.

1. The evidence at trial shows that both Johnson and her sister were hitting and arguing with the victim at a private home that sold liquor by the drink. They left the shot house and Johnson grabbed a gun from her sister's car. Two witnesses testified that they saw Johnson point the gun and fire one shot at Thomas as he walked away. Three additional witnesses testified that they saw Johnson with a gun immediately before hearing a shot. No one heard Thomas threaten his sister-in-law or wife or saw him with a gun. After shooting Thomas in the back of the head, Johnson ran back to the car. The two sisters drove to their oldest sister's home where Johnson repeatedly said, "I didn't go to do it." At the hospital, doctors performed surgery on Thomas, but he died nearly a month later without regaining consciousness. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Johnson guilty of felony murder as charged.[2]

2. Johnson challenges the trial court's denial of her motion to suppress evidence that she was convicted of aggravated assault in 1989 after shooting a person five times at a shot house. Although evidence of independent crimes is generally inadmissible because of its prejudicial effect, the state may introduce the evidence by making three affirmative showings.[3] In this case, the state made the required showings. The state offered the evidence for the proper purpose of showing criminal intent and malice, presented testimony and a certified copy of the conviction showing that the accused committed the independent act, and demonstrated at a pretrial hearing that there was a probative connection between the prior offense and the crime charged. Therefore, we conclude that the trial court did not err in admitting the evidence of the prior independent act.

*Judgment affirmed. All the Justices concur.*

---

[1] The shooting occurred on June 17, 1995, and the victim died on July 14, 1995. Johnson was indicted on August 23, 1995. A jury found her guilty on December 6, 1995, and the trial court sentenced her to life imprisonment. Johnson filed a motion for a new trial on December 18, 1995, which was denied on June 11, 1996. Johnson filed a notice of appeal on June 17, 1996. The case was docketed in this Court on June 24, 1996, and submitted for decision without oral argument on August 19, 1996.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).

Decided October 21, 1996.

*William M. Shurling III,* for appellant.

*Charles H. Weston, District Attorney, Thomas C. Woody, Laura D. Hogue, Assistant District Attorneys, Michael J. Bowers, Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.