S97A0077. BRYANT v. THE STATE.
(485 SE2d 763)

BENHAM, Chief Justice.

Robert Lee Bryant, Sr., appeals from his conviction of felony murder.[1] Bryant admitted at trial that he shot the victim. He

---

[1] The crime was committed on October 1, 1995. Bryant was arrested on October 2, 1995, and was indicted for murder on February 13, 1996. He was tried on March 18-20, 1996, and was found guilty of felony murder and sentenced to life imprisonment. A motion for new trial filed on April 4, 1996, was denied August 28, 1996, and a notice of appeal was filed on September 9, 1996. The appeal was docketed in this Court on October 1, 1996, and was sub-

explained that they argued; the argument turned physical; the victim threatened to shoot Bryant and "slapped" at his clothing as though reaching for a gun; and Bryant drew his pistol and shot him. Although no one other than Bryant witnessed the shooting, other witnesses verified that the two men had argued and that a shot was fired when the witnesses were out of the room. One witness, the owner of the "shot house" in which the shooting took place, testified that he left the room to call the police after Bryant took a pistol from his pocket, and heard a shot as he dialed. That witness also testified that Bryant said, immediately after the shooting, that he had to do it. The victim, on whose person no weapon was found, died of a gunshot to the back.

1. Bryant's only enumerations of error concern the trial court's jury instructions on felony murder and voluntary manslaughter. He contends that the charge was inadequate under this Court's ruling in *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). However, when the trial court asked for objections at the conclusion of the jury instructions, Bryant's only objection was that a charge was given on voluntary manslaughter. In its order denying Bryant's motion for new trial, the trial court concluded that Bryant had waived the grounds asserted here by failing either to object to that portion of the charge or to reserve objections to the charge. We agree.

> Under Georgia procedure, the right to urge error in the trial court's charge can be waived. [Cit.] "Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default. . . ." [Cit.] The procedures for securing review of a trial court's charge are no less applicable to those sequential charges which were disapproved in *Edge* than to charges dealing with any other issue. [Cits.]

*Roulain v. Martin*, 266 Ga. 353 (1) (466 SE2d 837) (1996).

2. The evidence presented at trial and summarized above was sufficient to authorize a rational trier of fact to find Bryant guilty of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Johnson v. State*, 267 Ga. 223 (1) (476 SE2d 757) (1996).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 12, 1997.

*Buafo & Associates, Althea L. Buafo, Sumner E. Riddick II, for*

---

· mitted for decision after oral argument on January 13, 1997.

appellant.

*Charles H. Weston, District Attorney, Thomas J. Matthews, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.