## S98A1787. SHORTER v. THE STATE.
### (507 SE2d 757)

HUNSTEIN, Justice.

After a jury trial, Eric Shorter was found guilty of malice murder, aggravated assault and two counts of possession of a firearm during the commission of a crime. He was sentenced to life imprisonment for the malice murder conviction and fifteen and five-year consecutive terms of imprisonment respectively for the aggravated assault and firearm possession charges. The trial court denied Shorter's motion for new trial, and he appeals.[1]

1. At trial the State produced the following evidence: Shorter attended a party in a hotel parking lot in Columbus, Georgia. Upon seeing two people whom he did not know start to argue, Shorter pulled out a previously concealed .25 caliber pistol. In response, partygoers started to run away. Shorter then fired numerous shots into the fleeing crowd, resulting in injuries to the buttocks and thigh of one victim and fatal injuries to the chest area of another. This evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Shorter's guilt of the crimes charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Shorter contends the trial court erred by refusing to charge the jury on the defense of accident. Although Shorter correctly points out that instructions on both accident and self-defense may be given where the facts support inferences as to both, see *Turner v. State,* 262 Ga. 359 (2) (418 SE2d 52) (1992), the evidence presented at trial, including Shorter's own testimony, demonstrated that Shorter intentionally pointed the gun and fired. There was no evidence from which a jury could infer that the gun was fired as a result of accident and, therefore, it was not error for the trial court to refuse to instruct the

---

[1] The crimes were committed on June 7, 1995. The grand jury returned its indictment on January 2, 1996 and the jury returned its guilty verdicts on December 11, 1997. Shorter filed his motion for new trial on January 8, 1998 and filed an amended motion for new trial on May 1, 1998. On July 8, 1998 the trial court denied the amended motion for new trial. Shorter filed his notice of appeal on July 14, 1998. The case was docketed in this Court on August 6, 1998.

jury on the defense of accident.

3. Shorter further contends the charge to the jury was improper because the trial court charged the jury on simple assault rather than aggravated assault and failed to instruct the jurors that they should give full consideration to the lesser included offense of voluntary manslaughter. We find no error. The record shows that the trial court properly charged the jury on aggravated assault as defined in OCGA § 16-5-21 (a) (2). That the trial court mistakenly referred to aggravated assault as simple assault immediately preceding its correct charge on aggravated assault does not render the charge as a whole improper. Considering the charge as a whole, the trial court's slip of the tongue did not mislead or confuse the jury, and the error, if any, was harmless. See *Matthews v. State*, 268 Ga. 798 (7) (c) (493 SE2d 136) (1997) (slip of tongue which does not mislead or confuse jury is not reversible error).

Nor was there any error in the trial court's instruction on the law of voluntary manslaughter. During the instructions, the trial court correctly charged voluntary manslaughter twice and nothing in the instructions suggested to the jury that it could consider the lesser included offense of voluntary manslaughter only after finding Shorter not guilty of malice murder and felony murder. See *Edge v. State*, 261 Ga. 865 (2) (414 SE2d 463) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 23, 1998.

*William J. Mason,* for appellant.

*J. Gray Conger, District Attorney, Melvin E. Hyde, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.