## S02A1314. KILPATRICK v. THE STATE.
### (575 SE2d 478)

SEARS, Presiding Justice.

Appellant Forrest Lamar Kilpatrick appeals his convictions for murder and aggravated assault.[1] We conclude that the trial court erred by instructing the jury that aggravated assault may be committed by either one of two methods when the indictment charged that crime was committed by one specific method. However, having reviewed the record, we determine that there is no reasonable probability that the jury could have convicted appellant of committing aggravated assault in the manner charged to the jury but not alleged

---

[1] The crimes were committed on August 3, 1996. On April 4, 1997, appellant was indicted for malice murder, felony murder and aggravated assault. Trial was held November 12-17, 1998, and appellant was convicted of all charges. Appellant was sentenced to life imprisonment for malice murder. The aggravated assault conviction was merged into the felony murder conviction by operation of law, and the felony murder conviction was vacated by operation of law. Appellant's new trial motions were filed on November 20 and 23, 1998, were amended on September 13, 2001, and were denied on January 15, 2002, and February 21, 2002. On July 17, 2001, the State filed a motion to vacate appellant's sentence and to resentence, because the jury charge disapproved by this Court in *Harris v. State*, 273 Ga. 608 (543 SE2d 716) (2001), was given at appellant's trial. On February 14, 2002, the trial court granted the State's motion, vacated appellant's malice murder conviction and resentenced him to life in prison for felony murder. Appellant timely filed a notice of appeal on March 1, 2002, the appeal was docketed on May 10, 2002, and submitted for decision without oral argument on July 1, 2002.

in the indictment. Therefore, the erroneous jury instruction is harmless. As for appellant's claim that he received ineffective assistance from trial counsel, he has failed to show either that counsel was deficient or that he was prejudiced by counsel's performance. Therefore, we affirm.

The evidence of record, construed most favorably to the jury's verdicts, was sufficient to authorize rational triers of fact to conclude that on August 3, 1996, the victim, Portia Patterson, sat on the front steps of an abandoned house. With her were her friends Redlace, Lee and appellant's father, Willie "Moody" Kilpatrick ("Moody"). The victim and Moody had been friends for some time and used drugs together. The victim had previously owed Moody some money, but had recently repaid him. Appellant had recently told Redlace that he did not like the victim's treatment of Moody, and that he would shoot her when he next saw her. As the four friends sat on the steps of the abandoned house, appellant, armed with a pistol, approached them from behind. He then shot the victim in the head, killing her. Upon hearing the shot, the others turned around and saw appellant behind them, holding a pistol. Appellant said, "That's right, I shot her," then fled the scene.

Ten days later, Moody was arrested on unrelated charges. He told police where they could find appellant, but said that appellant had only intended to frighten the victim, and did not mean to kill her.

1. The evidence of record, construed most favorably to the jury's verdicts, was sufficient to enable rational triers of fact to find appellant guilty of the crimes for which he was convicted.[2]

2. In order to prevail on a claim of ineffective assistance from trial counsel, appellant must show that counsel's performance was deficient and that but for that deficiency, there is a reasonable probability that the outcome of his trial would have been different.[3] Appellant urges that his trial counsel was ineffective for failing to object when the victim's mother testified that one of her children had died of leukemia in 1994, and that her husband died the week before appellant's trial commenced. We disagree with this argument. At the new trial hearing, trial counsel stated he did not object to this testimony because he did not want to appear insensitive to the mother before the jury and because he did not think such objections were crucial to appellant's defense. Moreover, the testimony about the death of the victim's father was somewhat relevant, as the medical examiner testified that it was the father who had identified the victim's body, and evidence of the father's recent death explained his

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Strickland v. Washington*, 466 U. S. 668, 687-688 (104 SC 2052, 80 LE2d 674) (1984).

absence from trial. In light of this relevancy and after considering counsel's explanations, we believe that his decisions not to object to the mother's testimony about her deceased child and husband were strategic in nature,[4] fell within the range of reasonable and professional assistance, and do not demonstrate incompetence.

Nor was counsel ineffective for failing to object to the mother's identification of her daughter's photograph. Again, counsel did not believe such an objection was critical and, as a matter of strategy, he thought it would be best to avoid appearing insensitive to the mother, who was a sympathetic witness. As appellant points out, we have cautioned that the better practice is for someone other than a family member to identify the photograph of a decedent taken during life.[5] However, the danger this practice seeks to obviate is the risk of a family member's emotional outburst during trial.[6] In this case, the victim's mother did not become emotional when identifying her daughter's photo. Hence, we find no harm resulting from counsel's failure to object to her testimony identifying the victim's photo.[7]

Finally, trial counsel was not ineffective for failing to object when a police officer testified that Moody told him appellant had killed Portia, but did not mean to do so, and that appellant could be located in South Georgia. One of counsel's strategies was to discredit Moody in the eyes of the jury. In counsel's opinion, Moody had given several inconsistent statements about the circumstances surrounding the shooting. Counsel had urged at trial that Moody recently fabricated his statement that appellant committed the shooting. Hence, the State was permitted to introduce Moody's statement to police in order to rebut that argument,[8] and there was no basis for objecting to this testimony. Counsel's decision not to object again appears to have been strategic in nature,[9] fell within the scope of reasonable and professional representation, and does not constitute ineffective assistance.

3. Appellant was indicted for one count of committing aggravated assault by shooting the victim with a firearm. At trial, however, the court instructed the jury that an assault is aggravated when committed "either with the intent to rob or with a deadly weapon. . . ." This charge was erroneous because it deviated from the indictment and permitted the jury to convict of aggravated

---

[4] See *Gibson v. State*, 272 Ga. 801, 804 (537 SE2d 72) (2000).

[5] *Ledford v. State*, 264 Ga. 60, 66 (439 SE2d 917) (1994).

[6] *Tharpe v. State*, 262 Ga. 110, 116 (416 SE2d 78) (1992) (Benham, J., concurring).

[7] See *Jones v. State*, 273 Ga. 231, 234 (539 SE2d 154) (2000).

[8] See *Woodard v. State*, 269 Ga. 317, 320 (496 SE2d 896) (1998) (prior consistent statements that would otherwise be inadmissible hearsay are not hearsay and are admissible to rebut allegations of recent fabrication).

[9] *Gibson*, 272 Ga. at 804.

assault if it found that appellant intended to rob the victim. " '[I]t is error "to charge . . . that a crime may be committed by either of two methods, when the indictment charges it was committed by one specific method." (Cit.)' [Cit.]"[10] However, if there is no reasonable probability that the jury could have convicted a defendant of committing the crime in a manner charged to the jury but not alleged in the indictment, the error is harmless.[11]

We have reviewed the transcript of appellant's trial, and can discern no evidence of an intention to rob the victim in connection with appellant's assault of her. Appellant attempts to equate the fact that he was angry with the victim due to her treatment of Moody (presumably due in part to her borrowing of money from Moody) with an intention to rob her. Yet there is no indication that appellant demanded anything before shooting the victim, or that appellant took anything from the victim. In fact, the evidence shows only that appellant crept up behind the victim, shot her and then fled the scene. Accordingly, we conclude there is no reasonable probability that the jury could have convicted appellant of aggravated assault because it believed appellant intended to rob the victim. It follows that the trial court's erroneous instruction on aggravated assault was harmless.[12]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 13, 2003 —
RECONSIDERATION DENIED FEBRUARY 7, 2003.

*Anna Blitz*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.

[10] *Chapman v. State*, 273 Ga. 865, 868 (548 SE2d 278) (2001).
[11] Id.
[12] *Thomas v. State*, 268 Ga. 135, 141 (485 SE2d 783) (2000).