S02A1833. TOTTEN v. THE STATE.
(577 SE2d 272)

HUNSTEIN, Justice.

Bryan Totten was indicted on charges of malice murder, felony murder, and possession of a firearm during the commission of a felony, arising out of the shooting death of Keith Wade. The jury convicted Totten of the felony murder and firearms charges. Totten

appeals from the denial of his motion for new trial.[1]

1. The jury was authorized to find that on January 7, 1995, appellant, who labored as a stevedore unloading ships in Savannah, drove with co-worker Timothy Munsey to a Savannah housing project to purchase crack cocaine. Isa Mohammed and Stanley Lovett saw the victim approach the passenger side of Totten's truck. They also observed appellant shoot the victim in the face as the victim lunged into the truck to snatch a $100 bill from Munsey. Munsey testified that appellant fired two shots at the victim while the victim was leaning into the truck attempting to snatch the money from Munsey. The victim later died of circulatory collapse resulting from the gunshot wound to his face. Appellant and Munsey returned to their hotel after the shooting and told co-workers about the incident. Thereafter, Munsey sought to have his bank in Florida replace the $100 bill, which was torn in half by the victim. After his arrest, appellant made a "jail-house" confession to his cellmate, informing the cellmate that he had disposed of the murder weapon by throwing it off a bridge. Appellant's sister testified in his defense that appellant had been at their parents' residence on the night the victim was shot and killed.

We find this evidence sufficient to enable a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Totten contends that the trial court erred in denying his post-conviction request for funds to hire an investigator to investigate other possible suspects for the crime. The record reflects that the trial court had authorized appropriation of funds to hire an investigator to assist appellant in preparation of a defense. As to the post-trial request for an investigator, the general rule applies that the grant or denial of a motion for assistance of expert witnesses and other investigative services lies within the sound discretion of the trial court, and that some special need must be demonstrated to the trial court to grant funds to hire an investigator. *Smith v. State*, 258 Ga. 179 (5) (366 SE2d 687) (1988). Finding no abuse of discretion on

---

[1] The crime occurred on January 7, 1995. Totten was indicted February 9, 2000 in Chatham County. He was found guilty on January 24, 2001. The jury did not return a verdict on the malice murder count, and the count was thereafter dismissed by entry of an order of nolle prosequi. Totten was sentenced that day to life for the murder and five years to run consecutively on the possession charge. Totten filed a motion for new trial on February 22, 2001 and amended the motion on July 30, 2001, September 7, 2001, September 13, 2001, and September 14, 2001. After a hearing on the amended motions, the trial court denied the motions in an order filed on April 30, 2002. The appellant filed a notice of appeal on May 24, 2002, which was docketed in this Court on August 14, 2002 and submitted for decision on the briefs.

the part of the trial court, this enumeration lacks merit.

3. Totten contends that his conviction is void because the indictment did not contain a separate count charging him with the aggravated assault of the victim and because the felony murder count of the indictment does not contain all of the essential elements of the crime of aggravated assault. Inasmuch as appellant is challenging the form of the indictment for the first time on appeal, the objection is improper and has been waived. *State v. Eubanks,* 239 Ga. 483, 485-486 (238 SE2d 38) (1977); *McKay v. State,* 234 Ga. App. 556, 558-560 (507 SE2d 484) (1998). We further note that the failure of the indictment to allege the aggravated assault under a separate count is not fatal as there is no requirement that an indictment separately set out the predicate felony.

The felony murder count charges that Totten, "while in the commission of a felony, to wit: aggravated assault, did cause the death of Keith Wade, another human being, by shooting Keith Wade." The indictment put Totten on notice that the predicate felony for the felony murder count was aggravated assault. See *Kettman v. State,* 257 Ga. 603 (4) (362 SE2d 342) (1987). Additionally, "[w]e have frequently held that a malice murder indictment gives a defendant sufficient notice that he is accused of aggravated assault when it sets out the aggravated nature of the assault by naming a weapon which is deadly per se. [Cits.]" *Morgan v. State,* 275 Ga. 222, 226 (9) (564 SE2d 192) (2002). It is also sufficient for the indictment's language to implicate use of a deadly weapon. Id. at 226-227; *Borders v. State,* 270 Ga. 804, 807-808 (514 SE2d 14) (1999). The malice murder count, which charged that Totten "did unlawfully and with malice aforethought cause the death of Keith Wade, another human being, by shooting Keith Wade," sufficiently stated that Totten was charged with malice murder by shooting the victim with a gun and that such offense could be the underlying felony for a conviction of felony murder. Id.

4. Totten raises 14 claims relating to ineffective assistance of counsel, and contends that the trial court erred by denying his motion for new trial. In considering a defendant's claim that trial counsel's assistance was so defective as to require reversal of the conviction, this Court considers whether the defendant has shown that trial counsel's performance fell below a reasonable standard of conduct and that there was a reasonable probability that the outcome of the case would have been different but for the deficient performance of counsel, i.e., that the deficiency prejudiced the defense. *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). See *Goodwin v. Cruz-Padillo,* 265 Ga. 614 (458 SE2d 623) (1995). Totten's contention that trial counsel was ineffective includes a complaint about trial counsel's failure to impeach a witness with certified copies

of a prior conviction even though the witness himself testified he was in federal prison and wore jail attire during his appearance in court. See *Ross v. State*, 231 Ga. App. 793 (6) (499 SE2d 642) (1998). Furthermore, Totten argues that his attorney failed to secure the attendance of critical witnesses despite the fact that counsel testified that he had spoken with the witnesses and obtained audiotaped statements of them. Totten also contends that his attorney was ineffective because he failed to file a pretrial motion. However, Totten did not demonstrate that the motion was necessary or would have been beneficial. See *Johnson v. State*, 171 Ga. App. 851 (1) (321 SE2d 402) (1984). Totten further alleges that counsel was ineffective because he failed to: provide Totten with copies of all discovery even though the attorney testified that he reviewed the evidence with Totten numerous times and was concerned about Totten's sharing information with other inmates; object to a violation of the rule of sequestration although the court gave appropriate curative instructions; and introduce an example of Virginia and West Virginia license plates although the witness did not claim he could positively identify from which state the license came.

The trial court conducted an evidentiary hearing on Totten's motion for a new trial and found that all 14 particulars of alleged ineffectiveness lacked merit. Reviewing the transcript of the hearing on the motion for new trial reveals that trial counsel's decisions were matters of trial strategy and tactics within the bounds of reasonable professional conduct. Accordingly, because we conclude that Totten failed to meet his burden of showing any deficiency in his trial counsel's performance and demonstrated no prejudice to the defense, we find that the trial court did not err by denying Totten's claim of ineffective assistance of counsel. See generally *Willingham v. State*, 268 Ga. 64 (6) (485 SE2d 735) (1997).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jill M. Zubler, Assistant Attorney General*, for appellee.