## S02A1289. BARNER v. THE STATE.
### (578 SE2d 121)

HINES, Justice.

Corgie Barner appeals his convictions for malice murder and possession of a firearm while in the commission of a felony, which

---

were in connection with the death of Bobby McDonald.[1] For the reasons that follow, we affirm.

Construed to support the verdicts, the evidence showed that Barner had prior difficulties with McDonald's nephew, Joseph. Joseph's mother and grandmother (McDonald's sister and mother) had told Barner to stay away from their house, which was on the same street as Barner's home. On December 25, 1996, Barner approached another neighbor, Tukes, to ask about Tukes's car, which was for sale. Tukes had parked his car in front of, or near, the McDonald home. Joseph's mother told Barner to get away from the McDonald home; Barner responded that he would go where he wished on the street. McDonald, who was visiting from out of town, approached and spoke to Barner, saying that he needed to give respect to McDonald's sister and mother. McDonald then punched Barner in the face. Punches were exchanged and the two men grappled with each other. Barner removed a pistol from behind his back and struck McDonald with it. The men struggled over the pistol and it discharged, grazing Barner's neck. Barner gained control of the pistol and McDonald went behind a nearby parked car. Tukes told Barner that he should not shoot McDonald; Barner stated that McDonald shot him with his own gun. Barner approached the parked car, stated to McDonald that McDonald would die that day, and fired at McDonald several times, fatally hitting him once in the chest. Police found eight spent bullet casings at the scene of the shooting; the pistol was not recovered.

1. The evidence was sufficient to enable a rational trier of fact to find Barner guilty beyond a reasonable doubt of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Barner contends that in closing argument, the prosecutor misstated the law on malice. Barner made no objection at trial and has waived any right to contend that the argument was improper. *Mullins v. State*, 270 Ga. 450 (2) (511 SE2d 165) (1999).

3. The trial court instructed the jury on malice murder and justification using the Suggested Pattern Jury Instructions, Vol. II: Crim-

---

[1] McDonald was killed on December 25, 1996. On May 15, 1998, a Fulton County grand jury indicted Corgie Barner for malice murder, felony murder in the commission of aggravated assault, aggravated assault, and possession of a firearm during the commission of a felony. He was tried before a jury on February 29-March 2, 2000, and found guilty on all counts. On March 2, 2000, Barner was sentenced to life in prison for malice murder, and to a consecutive term of five years in prison for possession of a firearm during the commission of a felony; the aggravated assault merged with the felony murder, which stood vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). Barner moved for a new trial on March 30, 2000, which was denied on August 3, 2001. Barner filed a notice of appeal on August 31, 2001. His appeal was docketed in this Court on May 6, 2002, and submitted for decision on July 1, 2002.

inal Cases, Part 3 (AA) (1), p. 43, and Part 4 (B) (1) (a), p. 68 (2001). Barner contends that the charged language was confusing, but at trial he did not raise any objection to the court's instructions. Rather, when the court asked if he wished to make any exceptions of record, he responded: "No exceptions from the defense." Consequently, review of these instructions has been procedurally defaulted. *Pickren v. State*, 272 Ga. 421, 423 (2) (530 SE2d 464) (2000).

4. Barner urges that he was not afforded effective assistance of counsel because of counsel's failure to object to what he contends were the State's misstatements of law, or to what he contends was the court's misleading charge to the jury. See Divisions 2 and 3, supra. In order to prevail on this claim, he must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense. *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). To meet the first prong of this test, he must overcome the "strong presumption" that counsel's performance fell within a "wide range of reasonable professional conduct," and that counsel's decisions were "made in the exercise of reasonable professional judgment." Id. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case. *Smith*, supra at 784. The second prong requires that Barner show that there is a reasonable probability that, absent counsel's unprofessional errors, the result of the trial would have been different. *Smith*, supra at 783.

Barner fails to meet his burden. At the hearing on the motion for new trial, Barner requested that the hearing be reset, and then requested that the motion be decided on the arguments submitted in the parties' briefs. No evidence was ever presented in any form. "In the absence of testimony to the contrary, counsel's actions are presumed [to have been] strategic. [Cit.]" (Punctuation omitted.) *Green v. State*, 274 Ga. 686, 689 (3) (558 SE2d 707) (2002). Thus, Barner has not rebutted the strong presumption that counsel's decisions were made in the exercise of reasonable professional judgment.

*Judgments affirmed. All the Justices concur, except Fletcher, C. J., Hunstein and Carley, JJ., who concur specially.*

FLETCHER, Chief Justice, concurring specially.

Although I agree with the majority's opinion generally, I do not agree with the rationale in Division 4 that this Court can find trial counsel's decision presumptively reasonable without examining whether the jury instructions were erroneous. Therefore, I write separately to complete the constitutional analysis.

Barner's trial counsel could have preserved Barner's right to challenge on appeal the trial court's jury instructions by simply stat-

ing outside of the presence of the jury that he was reserving any objections. Instead, he told the trial court that he had no objections and, thereby, waived Barner's right to raise any error in the jury instructions. The majority holds that Barner's trial counsel's decision did not constitute constitutionally deficient representation by presuming that (1) counsel's decision was strategic and (2) this decision was reasonable.[2]

Presuming that a decision not to preserve objections to the jury charge was reasonable *assumes* that such a decision could be reasonable under some scenario, which is a questionable assumption. Choosing not to reserve any objections does nothing to help the defendant and potentially does a lot to hurt him.[3] All counsel had to do to preserve the issue for appeal was state, outside the presence of the jury, that he was reserving any objections.

The only way that counsel's inadvisable decision not to reserve objections could be considered remotely reasonable is if counsel, having just heard the instructions read, correctly determined that the jury instructions were not erroneous.[4] At a minimum, this scenario requires examination of the jury charges.

Here, the challenged jury instructions substantially followed the pattern charges, adequately informed the jury of the applicable legal principles,[5] and, considering the charge as a whole, the single slip of the tongue made by the trial court would not have misled or confused the jury.[6] Accordingly, Barner's lawyer did not provide constitutionally deficient representation and Barner's ineffective assistance of counsel claim is without merit.

I am authorized to state that Justice Hunstein and Justice Carley join in this special concurrence.

DECIDED MARCH 10, 2003.

*Noel L. Hurley*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assis-*

---

[2] *Jefferson v. Zant*, 263 Ga. 316, 318 (431 SE2d 110) (1993) ("Whether an attorney's trial tactics are reasonable 'is a question of law,' not fact."); see also *Totten v. State*, 276 Ga. 199, 202 (577 SE2d 272) (2003) (finding counsel's "trial strategy and tactics" were "within the bounds of reasonable professional conduct"); *Kilpatrick v. State*, 276 Ga. 151 (575 SE2d 478) (2003) (concluding that strategic decision "fell within scope of reasonable and professional representation").

[3] See *Bryant v. State*, 268 Ga. 33, 34 (485 SE2d 763) (1997).

[4] Cf. *Johnson v. State*, 275 Ga. 650, 653-654 (571 SE2d 782) (2002) (holding that failure to object to particular jury charge was not constitutionally deficient performance if charge was correct).

[5] *Oliver v. State*, 274 Ga. 539, 542 (554 SE2d 474) (2001).

[6] See, e.g., *Shorter v. State*, 270 Ga. 280, 281 (507 SE2d 757) (1998).

*tant District Attorney, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.