**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 24, 2020**

# In the Court of Appeals of Georgia

A20A0403. ROBERTSON v. THE STATE.

PHIPPS, Senior Appellate Judge.

On appeal for his conviction for terroristic threats and aggravated assault, David Robertson argues that the trial court abused its discretion when it denied his second post-trial motion for a continuance. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

Thus viewed in favor of the jury's verdict, the record shows that on March 31, 2016, Robertson took a large number of Xanax pills, which he was prescribed for his post-traumatic stress disorder (PTSD), in front of his wife.[1] Due to Robertson's irrational behavior during this period, the wife had removed all firearms from the couple's Bainbridge house. On the evening of the following day, after the wife had gone to bed, Robertson entered their bedroom and spilled gasoline on her. When the wife jumped out of bed, Robertson, who was "staggering" and "unsure on his feet," poured more gasoline "all over the mattress." When the wife went into the bathroom to wash off, Robertson followed her and pulled her by the hair, screaming "Where are the guns?" The wife pushed him into the bathtub, left the house, and drove to a friend's house in Alabama.

---

[1] Robertson has failed to comply with Court of Appeals Rule 25 (c) in that he has not provided citations to the specific volume and page number of the appellate record for many of the statements in the factual portion of his brief. We also note that after obtaining two extensions, Robertson failed to file a timely initial brief, after which this Court ordered him to file or risk dismissal. His initial brief was finally filed on December 5, 2019, almost three months after the appeal was docketed.

The next day, the wife returned to the house with a group of police officers, including a friend of hers. The front door was blocked from the inside. Robertson eventually came out of the door with a crossbow pointed at his wife's head. The friend told Robertson to put the crossbow down, but he fired the bow as he turned to confront the officer, with the released arrow traveling between the officer and the wife. While Robertson was being handcuffed, he told one of the officers to give him a gun and said, "I'll kill you motherf***ers." When the wife told Robertson, who was now in custody, that he had tried to kill her the night before, Robertson replied, "You['re] damn right I did."

Robertson was charged with making a terroristic threat, three counts of aggravated assault (for pouring the gasoline on his wife and for pointing the crossbow at her and the officer), obstruction, and attempting to remove a weapon from a public official. After pretrial proceedings, including an assessment of Robertson's sanity, a jury found him guilty of the terroristic threat and all three aggravated assault charges. Trial counsel timely filed a motion for new trial raising the general grounds. Appellate counsel Betsey L. Tate was appointed on June 21, 2018, and filed a notice of appearance on July 30, 2018.

3

On February 11, 2019, the trial court entered an order setting the hearing on Robertson's motion for new trial for March 5, 2019. Although she had been counsel of record for more than six months, appellate counsel moved for a continuance due to her caseload of 37 active cases. On February 27, the trial court denied the motion and again noted that the case would be called on March 5. Immediately before that hearing, appellate counsel filed a motion for reconsideration. At the March 5 hearing, and after the trial court noted its responsibility to "move forward,"[2] appellate counsel said that she was not prepared, that she had not read the transcript, and that she "[didn't] know anything about the case." The trial court then, after consultation with appellate counsel, continued the hearing until July 9, 2019. The trial court also arranged for appellate counsel to speak to Robertson.

On June 24, 2019, however, appellate counsel filed a motion for a second continuance, again on the ground that she was not adequately prepared – specifically, that "she had not had sufficient time" to identify or hire a private investigator or a

---

[2] See, e.g., *Owens v. State*, 303 Ga. 254, 258 (811 SE2d 420) (2018) ("[I]t is the duty of all those involved in the criminal justice system, including trial courts and prosecutors as well as defense counsel and defendants, to ensure that the appropriate post-conviction motions are filed, litigated, and decided without unnecessary delay.") (citation and punctuation omitted); Uniform Superior Court Rule 41.1 (requiring motions for new trial to "be heard and decided as promptly as possible").

4

medical expert. In a written order filed on June 26, the trial court noted that the transcripts of Robertson's trial were "already filed at the time of her assignment," that appellate counsel had been "assigned this case over a year ago," and that the court had "already granted one continuance" based on her "being unprepared." The trial then denied the motion and noted that the hearing on the motion for new trial would proceed as scheduled on July 9, 2019.

On that day, appellate counsel appeared and asked for "additional time" to obtain an evaluation of her client for PTSD, given that she "ha[d] not had the opportunity to arrange that." Appellate counsel also asked for a sentence modification. After the trial court denied the motion for new trial, appellate counsel noted that she "ha[d] not filed an amended motion for new trial" and that the original motion was "on the general grounds." The trial court agreed with this statement, and the hearing ended. The trial court later denied Robertson's motion for new trial, finding that the evidence was "more than sufficient" to sustain his conviction. The trial court also filed orders denying Robertson's oral motions for modification of sentence and psychological evaluation, noting as to the latter that "a pretrial psychological examination was had on [Robertson]." This appeal followed.

5

1. Although Robertson has not asserted on appeal that the evidence was insufficient, we have reviewed the record, and conclude that the evidence was indeed sufficient to sustain his convictions for terroristic threat and aggravated assault. See OCGA §§ 16-11-37 (a) (1), (2) (defining terroristic threat as threatening to "[c]ommit any crime of violence" for purposes including "terrorizing another"); 16-5-21 (a) (2) (defining aggravated assault as assault with a deadly weapon); *Barker v. State*, 263 Ga. 746, 747 (1) (438 SE2d 625) (1994) (affirming convictions for both aggravated assault and felony murder when a defendant had doused the victims with gasoline and then set them on fire, killing them).

2. On appeal, Robertson asserts a single error: that the trial court abused its discretion when it denied his second motion for continuance of the hearing on his motion for new trial. This contention has no merit.

"[T]he grant or denial of a motion for assistance of expert witnesses and other investigative services lies within the sound discretion of the trial court[.]" (Citation omitted.) *Totten v. State*, 276 Ga. 199, 200 (2) (577 SE2d 272) (2003). Likewise, we review a trial court's grant or denial of a continuance only for an abuse of discretion. *Robbins v. State*, 290 Ga. App. 323, 326 (2) (659 SE2d 628) (2008).

As a preliminary matter, we note that appellate counsel never amended Robertson's motion for new trial to include a claim that trial counsel was ineffective for reasons including, for example, failing to investigate Robertson's PTSD, as she would have been required to do in order to preserve any such issue. *Wilson v. State*, 277 Ga. 195, 198 (2) (586 SE2d 669) (2003) ("where the issue of ineffectiveness [of trial counsel] is not raised at all by appellate counsel, the claim of ineffectiveness is waived") (citation omitted). Even if the trial court had been presented with such a claim, moreover, appellate counsel would have been required to offer "'more than mere speculation'" at the hearing on the motion for new trial that a potential witness might have assisted Robertson's case at trial. (Punctuation omitted.) *Dickens v. State*, 280 Ga. 320, 323 (2) (627 SE2d 587) (2006), quoting *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 616 (458 SE2d 623) (1995).

The record shows that although appellate counsel had been assigned to the case for more than a year, she had not undertaken any significant preparation in Robertson's case as of the March 5 hearing, when the first continuance was granted. The trial court was also authorized to conclude that, particularly in light of appellate counsel's agreement to the July 9 hearing date, the circumstances described in Robertson's second motion, including a wished-for investigation of his PTSD, did not

7

amount to any material change justifying a continuance. There was no abuse of discretion here. See *Totten*, 276 Ga. at 201 (2) (affirming the denial of a defendant's post-trial motions for funds to hire an investigator); *Robbins*, 290 Ga. App. at 326-327 (2) (affirming the denial of a defendant's motion for continuance made on the first day of trial when counsel had a week to procure the potential witnesses at issue). Any issue as to appellate counsel's own performance must await review by a habeas court. *State v. Smith*, 276 Ga. 14, 15 (1) (573 SE2d 64) (2002) ("Habeas corpus is the exclusive post-appeal procedure available to a criminal defendant who asserts the denial of a constitutional right.") (citation omitted), disapproved on other grounds, *Wilkes v. Terry*, 290 Ga. 54, 55-56 (717 SE2d 644) (2011).

*Judgment affirmed. Barnes, P. J., and Gobeil, J., concur*.